UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACS,

                          Plaintiff,

                -against-

ROBERT MALEK,

                          Defendant.

20-CV-7623 (JMF)

OPINION AND ORDER

---

JESSE M. FURMAN, United States District Judge:

Defendant Robert Malek, who is appearing *pro se*, filed a notice of removal to remove to this Court two actions that had been pending in the Family Court of the State of New York, City of New York, County of Kings. *See* Nos. NN 19410-18; NN 19411-18.[1] For the reasons set forth below, the Court concludes that removal was improper, and the actions are remanded to the Family Court of the State of New York, City of New York, Kings County.

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

---

[1] It may be improper to remove two state actions with a single notice of removal. *See, e.g.*, *Barrio v. A.C. & S., Inc.*, No. 14-CV-3717 (LAK), 2016 WL 5805585, at *1 (S.D.N.Y. Sept. 6, 2016) (noting that "it likely is improper to remove more than one case with a single notice of removal"). Because Malek's notice of removal is improper for several other reasons, however, the Court need not and does not address this question.

*Id.* § 1446(a).  The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).  A federal district court may *sua sponte* remand an action within thirty days of the filing of the notice of removal for a procedural defect or at any time for a lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993) (per curiam).

## BACKGROUND

Defendant Malek seeks to remove two child-neglect proceedings that were brought against him in the Family Court of the State of New York, City of New York, Kings County.  The proceedings were initiated by the New York City Administration for Children's Services ("ACS") on July 31, 2018.  Malek alleges that he was served with amended petitions on February 20, 2020, and July 28, 2020.  *See* ECF No. 1 ("Notice of Removal"), at 2.[2]  In support of removal of the actions to this Court, Malek states:

> There are statements of knowing factual perjury made by the petitioner. Perjury, false statements and documents presented by the government against the respondent with the intent to put him in jail and diminish/remove/terminate the relationship and rights of father and daughter via fraud constitutes a violation/denial of due process rights and henceforth federal jurisdiction is supported.

*Id.* at 15.  He also alleges that ACS and/or the Family Court are violating his rights under the First, Fourth, Sixth, Ninth, and Tenth Amendments, and sections of the criminal code, such as 18 U.S.C. § 1512.  *Id.* at 15, 17, 20.[3]

---

[2]   Citations to the Notice of Removal refer to the page numbers automatically generated by the Court's electronic filing system, not to any internal page numbers.

[3]   The notice of removal repeatedly references attachments or exhibits that are not included in the filing.  *See, e.g., id.* at 2, 3, 15, 16.

**DISCUSSION**

Removal of these cases is improper for several reasons.  First, civil actions may be removed only to the federal court embracing the place where the state action is pending.  *See* 28 U.S.C. § 1441(a).  The state actions that Malek seeks to remove are pending in Family Court, Kings County.  Kings County is in the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  Any notice of removal therefore should have been directed to the United States District Court for the Eastern District of New York.

Second, the notice of removal does not comply with 28 U.S.C. § 1446(a), which requires that a defendant removing an action to federal district court is required to file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon him.  The only pleadings Malek attaches to the notice of removal are two amended petitions filed in the family court by an ACS worker, which are both dated January 2, 2020.  *See* Notice of Removal 5-14.

Third, the notice of removal is untimely.  A notice of removal must be filed within thirty days of the defendant's receipt of a pleading, motion, or other paper indicating grounds for removal.  *See* 28 U.S.C. § 1446(b).  Here, Malek "first received notice of the contents of the petitions on 7-31-2018."  Notice of Removal 2.  He maintains that the "current pleading raise[s] a federal question," but that "no prior pleading did so."  *Id.* at 4.  He argues that "[t]he OSC[4] coupled with the additional fraud of the amended petition, not clarified upon which child it is being amended upon until 9-14-20 supports timely and proper federal jurisdiction," and "[t]he transfer request is timely and the severity of the situation now unlike before with the original petition clearly invokes federal question jurisdiction since ACS is trying to terminate all rights to

---

[4]      Malek does not define "OSC" or provide any explanation for the meaning of OSC.

my daughter and take away my freedom via perjury and fraud." *Id.* at 22.  Malek fails to allege

any facts demonstrating that he received within thirty days of filing the notice of removal any

"pleading, motion or other paper" that raises a federal question.  He does not include any of the

relevant pleadings,[5] and his broad conclusory assertions that ACS is engaging in "perjury and

fraud" or that his federal constitutional rights are being violated are insufficient to demonstrate

the existence of a federal question that triggers the thirty-day period for removal.  *See Grohs v.*

*Grohs*, 17-CV-1605, 2017 WL 5171845, at *3 (D. Conn. Nov. 8, 2017) ("Ms. Grohs cannot

remove a family court custody battle to this court simply by alleging that the state court has

violated her federal civil rights.").

Fourth, Malek does not establish that this Court has subject-matter jurisdiction over these

actions.  A defendant in a state court action may remove a matter to a federal district court only if

the district court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  Absent

diversity of citizenship, federal jurisdiction for removal under 28 U.S.C. § 1441 "exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where a complaint alleges only state law

claims, it "may not be removed to federal court on the basis of a federal defense."  *Id.* at 393

(emphasis omitted).  Here, Malek fails to attach copies of the original complaints, but nothing in

the notice of removal suggests that "the face of [ACS]'s properly pleaded complaint" presented a

federal question.  *Id.* at 392.

Malek asserts that this Court has subject-matter jurisdiction under 28 U.S.C. § 1443.

Notice of Removal 1.  Removal is appropriate under Section 1443(1) in cases where the

---

[5]     The most recent pleading attached to the notice of removal is an amended petition filed
by ACS on January 2, 2020.  *See id.* at 5-14.

defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).[6] A defendant removing a state-court action under Section 1443(1) must satisfy the two-part test established by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Rachel*, 384 U.S. at 792). Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (alteration in original) (citation omitted) (quoting *Rachel*, 384 U.S. at 799, 803).

Here, Malek states that the family court actions should be removed under Section 1443 because ACS and the Family Court are violating his rights under "18 US 1505, 18 US 1512, 28 US 1443, 28 US 242, 42 US 1981, [and the] 1, 4, 5, 6, 8, 9, 10th and 14th Amendment[s]." Notice of Removal 15. None of Malek's claims or allegations demonstrate that he is being denied his civil rights in violation of a federal law stated in terms of racial equality. *See Rachel*, 384 U.S. at 792 ("[B]road contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the

---

[6]     Malek also invokes Section 1443(2), Notice of Removal 2, but that provision "is available only to federal officers and to persons assisting them in the performance of their official duties," *Prominence Realty Corp. v. Mal Rest., Inc.*, 538 F. Supp. 1180, 1183 (S.D.N.Y. 1982) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966)).

guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.").

   In any event, Malek fails to satisfy the second prong of *Rachel*:  He does not show that he was denied the opportunity to enforce any specific federal right in the New York State court.  *See United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 n. 8 (S.D.N.Y. 2002) (remanding a holdover proceeding to New York County Civil Court because the tenants failed to show that their federal civil rights could not be enforced in the holdover proceeding); *Little Ferry Assocs. v. Diaz*, 484 F. Supp. 890, 892 (S.D.N.Y. 1980) (holding that an eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court).  Removal of Malek's family court proceedings under Section 1443 is therefore improper.

   For all of these reasons, the Court concludes that these cases may not be removed. Thus, the actions are remanded to the State of New York Family Court, City of New York, Kings County.  *See Mitskovski*, 435 F.3d at 131 (noting that the Second Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

   The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

   The Court remands these actions under 28 U.S.C. § 1447(c) to the State of New York Family Court, City of New York, Kings County.  The Clerk of Court is directed to send a copy of this order to that court and to close this action here.  All pending matters are terminated.

   In light of the foregoing, the Court hereby DENIES Plaintiff's motion to seal as moot. The Clerk of Court is directed to terminate ECF No. 5 and to strike the submission from the docket.

6

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 7, 2020
         New York, New York

JESSE M. FURMAN
United States District Judge